960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Billy Elmore KING, a/k/a Bill, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Dorothy Edwards KING, a/k/a Dot, Defendant-Appellant.
 Nos. 91-5338, 91-5339.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1992
Decided: April 16, 1992
 
 ARGUED: Michael Henry McGee, Charlotte, North Carolina, for Appellant Billy King; Prosser DeVane Carnegie, Charlotte, North Carolina, for Appellant Dorothy King. Kenneth Davis Bell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee. ON BRIEF: Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina, for Appellee.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and RAMSEY, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The present case involves an appeal by Billy Elmore King ("Mr. King") and his wife, Dorothy Edwards King ("Mrs. King") from a district court order, sentencing them to 188 months[1] and 96 months, respectively.[2] Mr. King has appealed his sentence, arguing that (1) the government breached its plea agreement; (2) the district court erred in basing his sentence on unreliable and unsubstantiated hearsay; and (3) the district court erred in failing to consider his age and infirmity prior to sentencing him. Mrs. King joins Mr. King in appealing, however, she only relies on the first and third arguments mentioned above.
 
 I.
 
 2
 On July 11, 1990, the Grand Jury for the Western District of North Carolina returned Bills of Indictment against Mr. and Mrs. King, charging that Mr. and Mrs. King and eleven indicted co-conspirators conspired to distribute cocaine and to launder illegal drug profits in violation of 21 U.S.C. §§ 841(a)(7), 846 and 18 U.S.C. §§ 371, 924(c)(1), 1956(a)(1)(B)(i).
 
 
 3
 On January 15, 1991, the Kings signed plea agreements providing, inter alia, that they would enter a guilty plea to several counts of the original indictment in exchange for the government's agreement to dismiss the remaining counts. In addition, the plea agreements provided that the Kings "shall be entitled to a two point reduction for acceptance of responsibility under the Federal Sentencing Guidelines."
 
 
 4
 Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a hearing was held on April 2, 1991, before the district judge and the Kings' pleas were accepted by the court. Pre-sentence reports subsequently were prepared for Mr. and Mrs. King. Both Mr. and Mrs. King's report set a base offense level of 34 and both recommended a two level reduction for acceptance of responsibility. The district judge conducted a sentencing hearing on May 29, 1991. During the hearing, the government argued against the two level downward departure for acceptance of responsibility, contrary to the express terms of the plea agreements. In imposing the sentence, the district court declined to grant the Kings the two level decrease for acceptance of responsibility. Mr. King was sentenced to a term of 188 months of imprisonment, the maximum of the guideline range for offense level 32 with a criminal history of III. Mrs. King was sentenced to 96 months imprisonment, which sentence was in the middle of the range for an offense level of 29 and criminal history I. The present appeal followed.
 
 II.
 
 5
 Both Mr. and Mrs. King have argued that the government breached its plea agreement by arguing against the two level decrease for acceptance of responsibility and that the district court erred in failing expressly to consider their age and infirmity prior to sentencing. Additionally, Mr. King has argued that the court erred in allowing the testimony, at the sentencing hearing, of United States Customs Service Senior Special Agent Ron Taylor ("Agent Taylor"), in that such testimony constituted unreliable and unsubstantiated hearsay.
 
 
 6
 First, the Kings have argued that the government breached the plea agreements by arguing against a two level decrease for acceptance of responsibility because the language of the plea agreement unequivocally states that, in exchange for pleading guilty, the Kings "shall be entitled to a two point reduction for acceptance of responsibility under the Federal Sentencing Guidelines." The government has admitted that it breached the plea agreement by arguing against such a decrease, but has argued that such breach constituted harmless error.
 
 
 7
 The Supreme Court has held that when a guilty plea rests in any significant manner on a promise or agreement of the prosecutor embodied in a plea agreement, a defendant is entitled to its enforcement. Santobello v. New York, 404 U.S. 257, 262 (1971). We have held that, in interpreting and enforcing plea agreements, "the defendant's underlying 'contract' right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law." United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986) (citing Mabry v. Johnson, 467 U.S. 504, 509 (1984) (holding that broken government promise that induced guilty plea implicates due process clause because it impairs voluntariness and intelligence of plea)). Moreover, we have held that with respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights-to concerns for the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." Id. (quoting United States v. Carter, 454 F.2d 426, 428 (4th Cir. 1972)). Thus, with these significant principles in mind, we must carefully examine the situation at hand.
 
 
 8
 The government has acknowledged, as it must, that both of the plea agreements state in mandatory language "that by agreeing to plead guilty the defendant shall be entitled to a two point reduction for acceptance of responsibility under the Federal Sentencing Guidelines." (Emphasis added.) Moreover, the government has acknowledged that it refused to make such a recommendation at sentencing, and instead strenuously urged the court to refuse to award the two point reduction for acceptance of responsibility to either of the Kings. The government would brush aside this breach of the plea agreement, by utilization of the harmless error doctrine.
 
 
 9
 While the government is correct in its assertion that the plea agreement was not binding on the district judge because it was not made pursuant to Rule 11(e)(1)(c) of the Rules of Criminal Procedure, nonetheless the government was bound. We cannot say, as the government urges us to, that the district court would not have been influenced by a joint recommendation, made by the government and the Kings, for a two level reduction for acceptance of responsibility. To so hold would undermine the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." United States v. Carter, 454 F.2d 426, 428 (4th Cir. 1972), cert. denied, 417 U.S. 933 (1974). We decline to do so, and instead vacate the sentences of both Mr. and Mrs. King and remand for resentencing in accordance with the above-stated principles.
 
 
 10
 Second, both Mr. and Mrs. King have argued that the district court erred in failing to make downward departures in their sentences, based upon their age and infirmity. The argument is made more compelling in the case of Mrs. King, who is sixty-one years old and has had two open heart surgeries and has been diagnosed as needing another one in the near future.
 
 
 11
 A district court's refusal to depart downward for reasons of age and infirmity is in the court's discretion and ordinarily is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 111 S. Ct. 65 (1990). The only exception to the abovestated rule is where a district court's refusal to grant a downward departure is based upon the court's mistaken perception that it did not have the authority so to depart. Id. at 31. In the present case, the district court simply failed to address the subject of downward departure for infirmity. However, counsel for both Mr. and Mrs. King cited authority to the court for a downward departure because of age and infirmity. While it would have been preferable for the district judge expressly to rule on the matter, nothing in the transcript of the sentencing hearing indicates that the district judge thought himself without authority so to depart. Thus, we lack the ability to review the district court's decision under the principle set forth in Bayerle.
 
 
 12
 Finally, Mr. King has attacked his sentencing, arguing that the district court impermissibly based his sentence on the unreliable and unsubstantiated hearsay testimony of Agent Taylor. Mr. King's argument is without merit.
 
 
 13
 Statutory law, the Sentencing Guidelines, and Fourth Circuit case law all support the district court's reliance upon the sworn testimony of Agent Taylor in providing the factual basis for the case and in determining Mr. King's sentence. Applicable law provides:
 
 
 14
 No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S.C. § 3661. Moreover, the Commentary to § 6A1.2 of the Sentencing Guidelines provides:
 
 
 15
 In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. § 3661. Any information may be considered, so long as it has "sufficient indicia of reliability to support its probable accuracy." United States v. Marshall, 519 F. Supp. 751 (D.C. Wis. 1981), aff'd, 719 F.2d 887 (7th Cir. 1983); United States v. Fatico, 579 F.2d 707 (2d Cir. 1978). Reliable hearsay evidence may be considered. Out-of-court declarations by an unidentified informant may be considered "where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means." United States v. Fatico, 579 F.2d at 713. Unreliable allegations shall not be considered. United States v. Weston, 448 F.2d 626 (9th Cir. 1971). In addition, we have held that Prior to the advent of guideline sentencing virtually no limitations were placed on what a court could consider at sentencing, and it was clear that reliance on uncorroborated hearsay was permissible. United States v. Shepherd, 739 F.2d 510 (10th Cir. 1984); United States v. Tracey, 675 F.2d 433 (1st Cir. 1982). There is nothing in the United States Sentencing Guidelines to indicate a change in this rule. To the contrary, a reading of § 6a1.3(a) therein and its Commentary clearly shows that the sentencing rules have not changed. United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991) (emphasis added) (footnote omitted).
 
 
 16
 Mr. King has attacked the court's reliance on the testimony of Agent Taylor, the United State Customs case agent responsible for the instant case. Agent Taylor based his testimony on his own factfinding investigation, which included cooperation from several coconspirators, as well as an investigation conducted by the Customs Service. As we have previously held, "the type of information to be considered by a sentencing judge is still unlimited. He may give weight to any reliable source of information...." Bowman, 926 F.2d at 381. Moreover, "reliance on uncorroborated hearsay is permissible." Id. Thus, it was not an abuse of the trial court's discretion to permit Agent Taylor to testify as to the nature of the conspiracy, nor was it an abuse of discretion for the trial court to base Mr. King's sentence on such testimony. Thus, we reject Mr. King's third argument.
 
 
 17
 Accordingly, the district court's decision is
 
 
 18
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Mr. King's sentence was computed using an offense level of 32 and criminal history category III
 
 
 [2]
 Mrs. King's sentence was computed using an offense level of 26 and criminal history category I