STATE OF KANSAS, *Appellant*, v. TERESA ROWE, *Appellee*,

No. 67,208

STATE OF KANSAS, *Appellant*, v. BART MANUES, *Appellee*,

No. 67,209

STATE OF KANSAS, *Appellant*, v. BYRON LLOYD MARTIN, *Appellee*,

No. 67,210

STATE OF KANSAS, *Appellant*, v. OLIVER WENDELL MARTIN, *Appellee*.

(843 P.2d 714)

Opinion filed December 14, 1992.

*James K. Craig*, county attorney, argued the cause, and *Jeffery A. Sutton*, assistant county attorney, was with him on the briefs for appellant.

*William Shane Adamson*, of Parsons, argued the cause and was on the briefs for appellees Byron Lloyd Martin and Bart Manues.

*Timothy J. Grillot*, of Parsons, argued the cause and was on the brief for appellee Teresa Rowe.

*Edward W. Dosh*, of Parsons, argued the cause and was on the brief for appellee Oliver Wendell Martin.

The opinion of the court was delivered by:

HOLMES, C.J.: The State appeals in four consolidated criminal cases which involve the same issues of law based upon similar factual situations. We affirm in all four cases.

All four defendants were charged with the unlawful sale of controlled substances. Defendant Teresa Rowe was charged with two counts of the sale of cocaine to Steven Boyce, a paid con-

fidential informant, in violation of K.S.A. 1991 Supp. 65-4127a. Defendant Bart Manues was charged with one count of the sale of marijuana to Steven Boyce, in violation of K.S.A. 1991 Supp. 65-4127b. Defendants Byron Lloyd Martin and Oliver Wendell Martin were each charged with two counts of the sale of marijuana to Steven Boyce in violation of K.S.A. 1991 Supp. 65-4127b. All four cases involve the admissibility in evidence of statements and reports made by Boyce to police officers and recordings of alleged conversations between Boyce and the defendants.

In *State v. Rowe* and *State v. Manues*, the State of Kansas appeals from orders of the trial court dismissing the complaints. At the preliminary hearings in the two cases, the State sought to introduce hearsay evidence consisting of recordings, statements, and reports of Steven Boyce, a deceased informant. The defendants objected to the admission of the evidence on the grounds that it was excludable as hearsay and violative of the defendants' constitutional right to confront their accusers. The district court ruled the evidence inadmissible and then dismissed the cases for lack of evidence.

In *State v. Byron Lloyd Martin* and *State v. Oliver Wendell Martin*, which were consolidated in district court, the State of Kansas brings an interlocutory appeal from the district court's order sustaining defendants' motion in limine to exclude similar hearsay evidence.

Steven Boyce, who had prior felony convictions for crimes involving dishonesty, was solicited by Crawford County law enforcement officials to cooperate in drug investigations and make "controlled buys" of illegal substances. Initially, the consideration Boyce received for his cooperation was an early release from a one-year sentence he was serving in Crawford County and payment of $1,500 per month for working with Crawford County authorities. Eventually, Boyce was put in contact with Labette County law enforcement officials and allegedly made several controlled buys from persons in that county, including the defendants in these four consolidated cases. In Labette County, he was to be paid $50 for each successful buy.

All of the alleged buys by Boyce employed similar operations. Although the factual details vary somewhat in each case, the variances are not materially different and the procedure was gen-

erally similar. Boyce would contact his law enforcement supervisor and inform the officer that Boyce thought he could buy illegal drugs from an individual. Boyce would then surreptitiously meet with police officers and make arrangements to proceed with a contemplated buy. Thereafter, a "body wire" would be placed on Boyce to transmit and record his conversations, and he then would go to the targeted person's residence, enter, and allegedly attempt to purchase illicit drugs with money previously furnished to him by police officers. Police officers would monitor the alleged drug transactions from several blocks away by means of electronic transmissions from the body wire. After an alleged transaction was completed, Boyce would leave the residence and subsequently meet with the officers, prepare a written report, deliver the report to his law enforcement supervisor, and receive a $50 payment. Boyce was required to submit a report before receiving the $50 and was not paid if the operation did not result in an alleged buy. Boyce was found dead at the bottom of a Crawford County, Kansas, strip pit prior to the preliminary hearings in any of these consolidated cases. He allegedly was killed during another drug transaction which had no connection with the present cases.

The trial courts in all four cases ruled the proffered evidence regarding Boyce's conversations and reports inadmissible as violative of the Sixth Amendment Confrontation Clause and as hearsay.

The State timely appeals the trial courts' orders. The appeals were transferred to the Supreme Court pursuant to K.S.A. 20-3018 and K.S.A. 22-3602(b)(1) and consolidated for purposes of oral argument and decision.

As the record does not disclose any substantial material differences in the controlling facts or the legal issues raised on appeal, we will refer to all defendants collectively as the defendants unless noted otherwise in the opinion.

The evidence which the State desired to present included the taped recordings or transcripts of the recordings of the alleged buys, the reports prepared by Boyce following each buy and delivered to the police, and conversations between Boyce and police officers. The trial judges found all of the proffered evidence to be inadmissible hearsay and that admission of the evidence

would also violate the defendants' Sixth Amendment right to confront the witnesses against them.

The State contends that Boyce's statements to the officers, the tape recordings, and Boyce's reports are not hearsay because they were not offered to prove the truth of the matter asserted. The State also argues that even if the evidence is hearsay, it is nevertheless admissible as an exception to the hearsay rule. The admission of hearsay evidence is controlled by K.S.A. 1991 Supp. 60-460, which provides in pertinent part:

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

"(d) *Contemporaneous statements and statements admissible on ground of necessity generally.* A statement which the judge finds was made (1) while the declarant was perceiving the event or condition which the statement narrates, describes or explains, (2) while the declarant was under the stress of a nervous excitement caused by such perception or (3) if the declarant is unavailable as a witness, by the declarant at a time when the matter had been recently perceived by the declarant and while the declarant's recollection was clear and was made in good faith prior to the commencement of the action and with no incentive to falsify or to distort."

The State argues that the statements Boyce made to the officers and the subsequent reports filed by Boyce are offered only to explain the preparation and steps involved in the State's investigation of the defendants and are not being offered to identify the defendants or establish their guilt. The State relies upon *U. S. v. Freeman*, 816 F.2d 558 (10th Cir. 1987), where the court held that out-of-court statements are not hearsay when offered for the limited purpose of explaining why a government investigation was undertaken, and why the government took the preparation and steps it did in preparing for an arrest.

However, the record in the instant case reveals that the State was not simply offering this evidence to explain the steps involved in the investigation. Boyce's written and oral statements to the police officers were the only evidence the State had identifying the defendants, and linking them to the alleged drug sales. None of the recordings from the body wire attached to Boyce identified any of the defendants or contained any information that an illegal drug buy was taking place. In excluding the evidence, the trial

court in *State v. Manues* relied upon *State v. White*, 234 Kan. 340, 673 P.2d 1106 (1983).

In *White*, this court stated:

"This court has held that statements of dispatchers or informants, offered only to explain the course of action of an investigating officer, are admissible. See *State v. Laubach*, 220 Kan. 679, 683, 556 P.2d 405 (1976), and cases cited therein. However, the substance of a communication by an informant to a police officer is inadmissible hearsay when it tends to identify the accused and establish his guilt. *State v. Thompson*, 221 Kan. 176, 179, 558 P.2d 93 (1976)." 234 Kan. at 346.

In *Thompson*, a police officer's testimony concerning an anonymous phone call he received advising him that a crime under investigation was committed by a man identified as "Crazy John" was held to be inadmissible hearsay, as it tended to identify the accused and establish his guilt.

A review of the record in this case reveals that the State's only means to establish the identity of the defendants was through Boyce's oral and written statements. Boyce was the State's sole witness to the alleged drug sales. Indeed, Judge Brewster determined that excluding the officers' testimony of Boyce's statements required dismissing the complaints against the defendants Manues and Rowe. The State's argument that the oral conversations and written reports were not being offered to prove the truth thereof is simply incorrect. The conversations and reports were vital to prove that the alleged crimes even occurred and to prove the identity of the individual defendants.

Additionally, the State argues that the tape recordings are not offered to prove the truth of the conversations recorded on the tape, but instead are offered to show that the events occurred. The State relies upon *U.S. v. Shepherd*, 739 F.2d 510 (10th Cir. 1984), for this proposition. In *Shepherd*, the court held that a government witness' testimony that an individual gave him instructions to frighten another person was not hearsay. The court noted that an order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth. 739 F.2d at 514. The court reasoned that the instructions were offered to show that they occurred in order to establish the existence of a conspiracy to assault the victim for purposes of admitting the statements under the federal coconspiracy exception to the hear-

say rule. The instructions were not offered to prove the truth of something asserted.

*Shepherd* is not applicable to the facts before this court. The facts here disclose that the tape recordings were not in the nature of instructions or orders. Furthermore, no officer witnessed the alleged drug transactions, and the State had to rely solely upon Boyce to identify the taped voices and other essential portions of the tape recordings.

Boyce's statements, reports, and tape recordings were clearly offered to prove the truth of the matter asserted, and, as such, the proposed evidence falls within the definition of hearsay.

The State next argues that, even if the excluded evidence constitutes hearsay, it is admissible because it falls within one or more of the exceptions to the hearsay rule contained in K.S.A. 1991 Supp. 60-460(d). These exceptions are commonly known as the "present sense impression" (K.S.A. 1991 Supp. 60-460[d][1]), the "excited utterance" (K.S.A. 1991 Supp. 60-460[d][2]), and the "unavailable declarant" (K.S.A. 1991 Supp. 60-460[d][3]).

The State devotes a number of pages in its briefs to arguing that all three categories of evidence are admissible as part of the res gestae of the occurrence. The State notes that: "Prior to the adoption of the Code of Civil Procedure . . . declarations were admissible as part of the *res gestae* where the declarations were so closely connected with the principal occurrence as to form in reality a part of the occurrence."

However, the common-law concept of res gestae has been modified in some areas by the provisions of K.S.A. 1991 Supp. 60-460(d). As the State notes in its brief, "[t]he adoption of 60-460(d) replaced the res gestae exception with the contemporaneous statement exception to the hearsay rule. (*State v. Peterson*, 236 Kan. 821, 696 P.2d 387.)"

Judge Gard explains the correlation between the common-law res gestae approach and K.S.A. 1991 Supp. 60-460(d)(1) and (2):

"That class of 'res gestae' statements which are hearsay, if admissible at all, were so under the former practice, only because of their spontaneous character. . . .

"Clauses (1) and (2) of this section [K.S.A. 60-460(d)] describe conventional res gestae, admissible hearsay with the characteristic of spontaneity arising either from the reaction to contemporary perception or from the excitement

which carries over from the event. . . . *Whether a statement measures up to the requirement of spontaneity is largely a matter for the discretion of the trial court* as held in *Drake v. Moore*, [184 Kan. 309, 336 P.2d 807 (1959).]" 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-460(d), p. 239 (1979). (Emphasis added.)

Boyce's statements prior to and after the alleged purchase of drugs, and the report by Boyce, are not present sense impressions as contemplated by K.S.A. 1991 Supp. 60-460(d)(1), which requires that a statement be strictly contemporaneous with the act. See *Smith v. Estate of Hall*, 215 Kan. 262, 266-67, 524 P.2d 684, 688 (1974). Here, the statements by Boyce to the police and the reports written by Boyce do not qualify as statements contemporaneous with the alleged illegal activity of the defendants. All of the conversations Boyce had with police took place before or after and not as a part of the alleged criminal acts. Likewise, the reports were not prepared by Boyce until after the acts took place.

Further, the tape recordings did not meet the requirements of K.S.A. 1991 Supp. 60-460(d)(1). As defense counsel points out, the State failed to lay the necessary foundation for their admission. In order to establish a present sense impression, the State must show:

"1. *An event or condition occurred.*
"2. The declarant perceived the event or condition.
"3. The declarant made the statement while perceiving the event or condition." (Emphasis added.) Barbara, Kansas Evidence Objections with Evidentiary Foundations § 7.6, p. 7-18 (1988).

The event or condition that the State is trying to establish occurred is that the defendants sold drugs to Boyce. However, none of the defendants are identified by Boyce on tape. Boyce does not state on the tapes that he is purchasing drugs. Boyce's statements on the tapes simply do not show that the event the State is trying to prove occurred. Furthermore, the State presented no other evidence establishing that the drug transactions occurred. The police were unable to identify the defendants, did not witness Boyce enter or leave the residences, and did not personally view the defendants or any drug transactions. The State did not meet its foundational burden to admit the tapes under K.S.A. 1991 Supp. 60-460(d)(1).

The State next relies upon K.S.A. 1991 Supp. 60-460(d)(2), the "excited utterance" exception, as additional authority for admitting the taped statements. This exception to the hearsay rule requires the State to show:

"1. An event or condition occurred.
"2. It was startlingly sufficient to cause nervous excitement.
"3. The declarant perceived it.
"4. The declarant made the statement while under stress of nervous excitement." Barbara, Kansas Evidence Objections with Evidentiary Foundations, § 7.6, p. 7-18 (1988).

The State claims that Boyce operated under a "nervous excitement" during the alleged drug buys, given the inherent dangers associated with acting as a drug informant. Once again, the State has failed to establish the first foundational element, that the event occurred. Moreover, the record reveals that the State failed to produce any evidence that would show anything "startling" occurred at the alleged buys. While the purchase of illegal contraband as a confidential informant is necessarily risky, as is borne out by Boyce's unfortunate demise, the record shows that Boyce had been a confidential informant on a number of occasions and for a number of months. Undercover drug buys were a routine part of Boyce's life and apparently part of his occupation. The record reveals that Boyce was a drug user and accustomed to making buys. The State has made no showing in the record that any of the events were "startlingly sufficient to cause nervous excitement."

Finally, the State seeks admission of Boyce's oral statements and written reports through K.S.A. 1991 Supp. 60-460(d)(3), the unavailable declarant exception. While there is no doubt the declarant, Boyce, was unavailable, the State has failed to meet the other requirements of the statute. K.S.A. 1991 Supp. 60-460(d)(3) provides:

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

(d) A statement which the judge finds was made . . . (3) if the declarant is unavailable as a witness, by the declarant at a time when the matter had been recently perceived by the declarant and while the declarant's recol-

lection was clear and was made in good faith prior to the commencement of the action and with no incentive to falsify or to distort."

*State v. Hobson,* 234 Kan. 133, 671 P.2d 1365 (1983), provides:

"The trial court is necessarily given considerable discretion in admitting statements under this exception. Vernon's Kansas C. Civ. Proc. § 60-460(d) (1965); 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-460(d) (1979). In *Smith v. Estate of Hall,* 215 Kan. 262, 268, 524 .P.2d 684 (1974), we held that under this provision the presence or absence of an incentive to falsify or distort is a question of fact to be determined by the trial judge in light of all the circumstances. See also *State v. Brown,* 220 Kan. 684, 688, 556 P.2d 443 (1976)." 234 Kan. at 158.

This court is in no better position than the trial courts to decide whether Boyce had any incentive to distort or falsify his statements, nor will we second guess the trial judges' decisions.

According to Judge Gard, the statement "must have been made under circumstances so as to show that it was [made] in good faith, before there was an action pending, and with no incentive to falsify or distort. *Any possible motive the declarant may have had for making a case for himself must be absent or the statement is clearly not admissible.*" 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-460(d), p. 240 (1979). (Emphasis added.)

There is ample evidence in the record to suggest to the trial courts that Boyce's statements were made with incentive to falsify or distort. It is well documented in the record that Boyce only got paid if he produced drugs and wrote a report implicating someone. This evidence alone would be sufficient for a trial judge to exclude the statements. Additionally, there is evidence in the record that Boyce obtained an early release from custody in Crawford County by agreeing to work as a drug informant. No abuse of discretion appears.

Defense counsel next contend that if this court were to find Boyce's hearsay statements fit within the exceptions of K.S.A. 1991 Supp. 60-460(d), the statements still must be excluded. They assert that allowing the introduction of the statements into evidence would violate the defendants' right of confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the Bill of Rights of the Kansas Constitution. While we might agree with the arguments of defense counsel, we find no need to address the constitutional argument.

We conclude that all of the excluded evidence constituted hearsay and that none of it fell within any of the statutory exceptions found in K.S.A. 1991 Supp. 60-460(d). No error or abuse of discretion has been shown in the rulings of the trial judges in these cases.

The judgments in all four consolidated cases are affirmed.