UNITED STATES COURT OF APPEALS
**Filed 9/19/96**
TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

AARON D. HABBEN,

    Defendant-Appellant.

No. 96-5019
(D.C. No. CR-95-127-H)
(N.D. Okla.)

_____

ORDER AND JUDGMENT[*]

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Aaron Habben challenges a two-point offense level adjustment, pursuant to U.S.S.G. § 3B1.1(c), for his supervisory role in the January 1995 burglary of

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Provident Federal Savings Bank in Waverly, Nebraska. We affirm.

Habben received a 41-month sentence following his guilty pleas to, among other crimes, bank burglary, 18 U.S.C. § 2113(a), and receipt of stolen securities, 18 U.S.C. § 2315. The probation office increased Habben's offense level by two points for his supervisory role in the burglary. In response to Habben's objection to this adjustment, the court conducted an evidentiary hearing and the government presented the affidavit of John Kevin Griffith, Habben's accomplice, and a detailed FBI report of an interview conducted with Griffith. Habben does not dispute that both were sufficient to support the adjustment. The government also presented the testimony of a witness who claimed Habben was the more likely leader. Habben's testimony at the hearing contradicted Griffith's statements that tended to show Habben's supervisory role.

Habben contends the evidence admitted to establish his supervisory role is hearsay, lacking any indicia of reliability. His argument is in the nature of a challenge to the sufficiency of the evidence. We review the district court's determination for clear error. See United States v. Backas, 901 F. 2d 1528, 1529 (1990). The government has the burden of proving a particular sentencing enhancement is warranted by a preponderance of the evidence. See, e.g., United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995). The district court may rely on hearsay to determine if this standard has been met if the evidence bears minimal indicia of reliability. Id.

Habben argues Griffith's affidavit lacks sufficient indicia of reliability because it was not notarized. Habben's counsel told the sentencing court he had no objection to the affidavit. This issue is raised for the first time on appeal and is not properly preserved. See, e.g., United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994), cert. denied 115 S.

2

Ct. 1117 (1995). In any case, although not notarized, the affidavit was sworn and witnessed by Griffith's supervising probation officer. It bore sufficient indicia of reliability to be considered by the district court. In addition, the affidavit is consistent with the FBI report, further supporting its reliability. We have held in sentencing proceedings, "the trial court may properly consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain." United States v. Shepherd, 739 F.2d 510, 515 (10th Cir. 1984). Habben had such an opportunity and availed himself of it.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3