UNITED STATES of America, Appellee

v.

Maria HSIA, a/k/a Hsia
Ling, Appellant

No. 01–3013.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 11, 2001.

Rehearing and Rehearing En Banc
Denied Feb. 15, 2002.

**2**

Before HARRY T. EDWARDS and ROGERS, Circuit Judges, and STEPHEN F. WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and the oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). For the reasons stated in the accompanying memorandum, it is

ORDERED AND ADJUDGED that the judgment of conviction is affirmed on all counts.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.

## MEMORANDUM

■ Maria Hsia appeals her conviction by a jury for multiple violations of 18 U.S.C. §§ 1001 and 2(b). To the extent she challenges the sufficiency of the evidence, her challenge fails. *See United States v. Wilson*, 160 F.3d 732, 736–37 (D.C.Cir.1998). Although Hsia appears to argue that the Federal Election Commission ("FEC") reports (Form 3P Schedule A) that were filed were not false statements but only showed receipts instead of true sources of contributions (or at least

purported true sources of contributions), such a position is contrary to the basic elements of the statutory reporting scheme. *See* 2 U.S.C. §§ 431(8)(A)(i), 434(b)(3), 441a(a)(8), and 441f; *United States v. Hsia*, 176 F.3d 517, 521–24 (D.C.Cir.1999) (*"Hsia I"*). The district court did not err in declining to adopt Hsia's view of the government's evidence regarding the FEC reports. Accordingly, the district court did not err in denying Hsia's motion for judgment of acquittal, *see* Fed.R.Crim.P. 29.

■ Consistent with 18 U.S.C § 434(b)(3), *see Hsia I*, 176 F.3d at 524, the district court did not err in ruling that there was sufficient evidence of the falsity of the relevant entries with respect to the true source of the money behind each conduit contribution listed in the FEC reports: Count 1(Yeh), Count 2(Xu), and Counts 3–5 (Temple). Viewing the evidence as we must in the light most favorable to the government, *Wilson*, 160 F.3d at 736–37, the government showed that false statements were made by introducing into evidence portions of the relevant FEC reports and offering circumstantial evidence from which the jury could reasonably find that the reports were understood to constitute statements of the names of non-conduit contributors to various political campaigns. In addition, the evidence of knowing and intentional submission of conduit checks without providing information about the true source of the contributions, such that the jury could reasonably find that Hsia knew that the reports to be submitted were false, suffices to show causation. Because Hsia did not properly raise on appeal claims about jury instructions on the required finding of her knowledge of reporting requirements, this court cannot disturb the jury's finding that this causation of false reports being filed was willful. *See id.* at 522–23. Further, the

government offered evidence from which a reasonable jury could find that Hsia directly solicited conduit checks charged in Counts 1, 2, and 5, and knowingly obtained such checks charged in Counts 3 and 4, and in each instance handed the conduit checks to the political committee representative.

Hsia's claims of instructional error likewise fail. The district court instructed the jury that "the courts have interpreted these provisions of FECA [the Federal Election Campaign Act] to require political action committees to report the true source of the contributions." This is a correct statement of the law, *see id.* at 524–25, and did not withdraw any factual determinations from the jury. Hsia's only other claim of instructional error regarding the instruction on concealment also fails; not only did she fail to make this argument in her opening brief, *see Corson & Gruman Co. v. NLRB,* 899 F.2d 47, 50 n. 4 (D.C.Cir.1990), the district court altered its original instruction to accommodate Hsia's concerns. Because Hsia did not argue in her opening brief that the district court's instructions to the jury failed to conform with *Hsia I,* 176 F.3d at 522, insofar as the jury was instructed that it did not have to find that Hsia was aware of a reporting requirement, we do not reach that issue.

■ Hsia's other claims of error warrant only brief comment. First, to prove that Hsia knowingly caused false statements to be made under § 1001, the government had to show that she did not disclose to the political committee representative either what she was doing or the true source of the contribution. In submitting such proof, the government did not constructively amend the indictment to charge concealment. *Cf. United States v. Mangieri,* 694 F.2d 1270, 1277 (D.C.Cir. 1982).

■ Second, regarding the Temple reimbursement checks, the district court found that the evidence of her acceptance of reimbursement checks in 1993 and 1996 was relevant to her knowledge and absence of mistake or accident. *See United States v. Clarke,* 24 F.3d 257, 264–65 (D.C.Cir.1994); Fed R. Evid. 404(b). Hsia fails to point to any impermissible bad character evidence or prejudice amounting to an abuse of discretion by the district court. *Cf. United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C.Cir.1998). The evidence regarding the Temple's reimbursement checks for 1996 was relevant to Counts 3 and 4, and the checks were not inadmissible hearsay. *See Williams v. United States,* 458 U.S. 279, 284, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982); *United States v. Shepherd,* 739 F.2d 510, 514 (10th Cir. 1984).

Third, under Fed.R.Crim.P. 12(b), motions to sever must be made pretrial. Assuming that the need for a severance may not have been apparent pretrial, Hsia's claim of error rests on the denial of her opportunity to testify. Yet at no time did she indicate that she would testify, much less provide a proffer of her testimony. *See Baker v. United States,* 401 F.2d 958, 976–77 (D.C.Cir.1968).

Fourth, there was no *Brady* violation with respect to the art fund purchase because Hsia was fully aware of the information, as her pretrial objections to the government's Rule 404(b) notice demonstrate. *Cf. In re Sealed Case,* 185 F.3d 887, 892–98 (D.C.Cir.1999); *United States v. Derr,* 990 F.2d 1330, 1335–36 (D.C.Cir.1993). Nor did the district court err in finding no *Brady* violation as to the Abbess Tzu's grand jury testimony, which was harmful to Hsia by corroborating the government's evidence and, in any event, was not exculpatory. Hsia was not charged with a solicitation offense, and thus how she ap-

**4**

proached the Temple for funds is of no consequence.

 Fifth, the district court did not err in failing to: (1) advise defense counsel of an ongoing Judicial Council investigation of the chief judge of the district court; (2) issue a requested stay of the proceedings; or (3) grant a new trial on that basis. *Cf. United States v. Bayless,* 201 F.3d 116, 126–27, 129 (2d Cir.2000); *United States v. Haldeman,* 559 F.2d 31, 137 (D.C.Cir. 1976). Defense counsel repeatedly stated on the record that the defense did not dispute the district court's impartiality.

Accordingly, because we hold that Hsia's challenges to her conviction are unpersuasive and that the district court did not err in denying Hsia's motion for a new trial, we affirm the judgment of conviction.