**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 12, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GABRIEL DAVID GOMEZ,

Defendant-Appellant.

No. 05-2151

District of New Mexico

(D.C. No. 03-568 WJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Defendant-appellant Gabriel David Gomez appeals from the district court's

sentence of 360 months imposed for one count of conspiracy to distribute more

than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A) and fifty-three counts of money laundering in violation of U.S.C. 18

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

§§ 1956(a)(1)(B)(i) and 1957. Mr. Gomez pleaded guilty to all counts without the benefit of a plea agreement. We have reviewed the issues presented on appeal and find no error. Therefore we affirm.

## I. Discussion

Mr. Gomez appeals on three grounds. First, he claims that the district court treated the sentencing guidelines as mandatory in violation of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), and erroneously enhanced his sentence based on facts found by the judge using a preponderance of the evidence standard. Second, he claims that the district court considered evidence from his co-conspirator's court proceedings to determine the drug quantity involved in the conspiracy count. Third, he claims that the judge improperly shifted the burden of proof by requiring him to disprove the calculation of drug quantity estimated by the probation officer rather than requiring the government to prove it.

### A. Application of the Sentencing Guidelines

At the evidentiary hearing prior to sentencing, the government introduced evidence that under Mr. Gomez's direction, approximately 40,000 pounds of marijuana had been transported from Mexico and distributed throughout the United States. The government also presented evidence that Mr. Gomez possessed a firearm, obstructed justice by intimidating a witness, and lead a criminal enterprise that involved more than five persons. The district court found

that the government proved these facts by the preponderance of the evidence. Calculation of a Guidelines sentence can include enhancements based on facts proved by a preponderance of the evidence so long as the judge treats the calculation as advisory rather than mandatory. *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005).

Mr. Gomez argues that the sentencing court could not enhance his sentence using facts found by a preponderance of the evidence because it treated the Guidelines as mandatory. But the district court's conduct, as well as its words, demonstrates that the court did not treat the Guidelines as mandatory. The court began the sentencing proceeding by explaining that it would calculate the sentence using the Federal Sentencing Guidelines and then determine whether the sentence was reasonable using the sentencing factors found in 18 U.S.C. § 3553(a). The facts found at sentencing combined with Mr. Gomez's criminal history resulted in an offense level of 44, which mandates life in prison under the Guidelines. After considering the § 3553(a) factors, the sentencing court determined that a life sentence would be unfair because it was the same sentence imposed on Mr. Gomez's co-defendant who did not plead guilty, showed no remorse, and denied his involvement in the criminal enterprise. By adjusting the sentence according to the § 3553(a) factors, the court plainly treated the Guidelines as advisory.

**B. Reliance on Outside Proceedings**

Mr. Gomez argues that the sentencing court abused its discretion by using evidence presented in another proceeding to determine the amount of drugs involved in the conspiracy. He points to the following statement by the district judge at the sentencing hearing:

> Now, I'll find, based on my involvement as the presiding judge in this case, on what's been presented today, as well as what I've heard throughout the other defendants' matters in this conspiracy case, that Gabriel Gomez was involved in trafficking of marijuana by laundering illegal proceeds by providing stash houses and providing instructions to other conspirators to further the trafficking and the distribution of marijuana. As a result of his conduct, he is accountable for the underlying marijuana offense levels pursuant to Guideline 2D1.1.

Appellant's App. 0438-39. We agree that it would be error for a district court to base a factual finding of drug quantities on evidence presented in another case, to which the defendant was not a party. When facts pertinent to sentencing are disputed, the government bears the burden of proof by a preponderance of the evidence, and the defendant has the right not only to know the evidence presented against him but also to rebut or explain that evidence. U.S. Sentencing Guidelines Manual § 6A1.3; *see United States v. Keifer*, 198 F.3d 798, 800 (10th Cir. 1999); *United States v. Peterman*, 841 F.2d 1474, 1484 (10th Cir. 1988); *United States v. Shepherd*, 739 F.2d 510, 515 (10th Cir. 1984). That is not possible when the judge refers generally to evidence heard in another proceeding.

We do not interpret the district court's drug quantity finding in this case as having been based on evidence at the co-conspirators' trial. The judge referred to that evidence in one sentence, in general reference to the nature of the defendant's conduct. The court then analyzed drug quantity, referring exclusively to evidence presented in this case through testimony by FBI case agent Margaret Russin. Based on documents introduced into evidence and interviews with co-conspirators, the agent calculated that Mr. Gomez was responsible for 40,024 pounds, or 18,155 kilograms, of marijuana, which is 8,155 kilograms more than the Guideline required. The district court explicitly found that Agent Russin's methodology was reasonable and adopted her calculation of drug quantity in determining the sentence. We therefore reject Mr. Gomez's argument that the drug quantity finding was based on improper consideration of extra-record information.

Mr. Gomez makes a similar argument with respect to the district court's role adjustment finding, under U.S.S.G. § 3B1.1(a). The district court found that Mr. Gomez was one of two "kingpins" in the organization, and that he was responsible for the "distribution end of the drug trafficking organization." Appellant's App. 0440. Although the court did not specify the evidence on which it based this finding, the record of the sentencing hearing is replete with testimony regarding Mr. Gomez's role in the drug distribution operation. The

court's brief reference to the evidence in the co-conspirator's trial is not sufficient to demonstrate that the factual finding was improper.

### C. Burden Shifting

Mr. Gomez also argues that the sentencing court improperly shifted the burden of proof of drug quantity from the government to him. In finding a base offense level of 36, the sentencing court commented that to find a lower base offense level the court would have to conclude that "Agent Russin's calculations were off by 8,155 kilograms, and there's simply no evidence to suggest that." The sentencing court was not here requiring Gomez to prove that he conspired to distribute less than the amount calculated by the government. Rather, it was informing him that the government met its burden to prove the drug quantity absent any further evidence introduced by the defendant.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge