**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William James HARMON,
Defendant–Appellant.**

**No. 89–8094.**

United States Court of Appeals,
Tenth Circuit.

Nov. 1, 1990.

Peter Robinson, Santa Rosa, Cal., for defendant-appellant.

John R. Green, Asst. U.S. Atty. (Richard A. Stacy, U.S. Atty., with him on the brief), Cheyenne, Wyo., for plaintiff-appellee.

Before McKAY and SETH, Circuit Judges, and PARKER, District Judge *.

SETH, Circuit Judge.

Defendant-appellant, William James Harmon, seeks reversal of his conviction of aiding and abetting Thomas William Thomas in possession of approximately nine pounds of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant contends that the trial court abused its discretion (1) in permitting the prosecutor to call Thomas as a witness, and (2) in admitting evidence of other crimes under Fed.R.Evid. Rule 404(b). We affirm the trial court's conclusion that the testimony of Thomas and the evidence of other crimes was properly admitted.

On July 23, 1988, Officer Dan Dyer was patrolling Interstate 80 in Albany County, Wyoming when he noticed a pickup and camper pulling a long silver trailer. Believing the trailer to be of the type commonly used in a commercial enterprise and noticing the absence of a required trip permit from the port of entry or a sticker from the Public Service Commission, Officer Dyer pulled the driver over for a possible commercial vehicle violation. The driver, Thomas, presented Officer Dyer with his driver's license and indicated that he was told at the port of entry that a trip permit was unnecessary. Along with his California driver's license, Thomas produced a vehicle and trailer registration which showed that defendant Harmon was the owner of both. The officer conducted a search of the trailer and seized approximately nine pounds of cocaine from a sealed box attached to the front of the trailer. Thomas was arrested and indicted for possession with the intent to distribute approximately nine pounds of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

A suppression hearing was held in January 1989 in the proceedings against Thomas to determine whether the stop was proper and whether Thomas had given Officer Dyer permission to search the trailer. The officer maintained that he requested and was given permission to search the trailer to determine whether Thomas was operating a commercial enterprise. Thomas, on the other hand, maintained that he did not give the officer permission to search the trailer. The court found the officer's testimony to be more credible than Thomas' testimony. It concluded that the stop was proper and that Thomas had consented to the search.

Defendant Harmon's ownership of the truck and trailer was established, and he was indicted in February 1989 after the indictment and suppression hearing in the proceedings against the driver, Thomas. Defendant was not in the truck when Thomas was arrested, but after being charged asserted an expectation of privacy to challenge the search. In this challenge he adopted the arguments of Thomas as to the stop and search, including the testimony of Thomas that no consent was given for the search. This testimony as to consent was contrary to that of the officer who made the search.

Thomas subsequently pled guilty to the charges in the proceedings against him and agreed to cooperate with the government. Defendant Harmon then moved the court for reconsideration of its order denying the motion to suppress. The trial court denied defendant's motion.

In a pre-trial motion, defendant moved to exclude Thomas' testimony because the prosecutor would be in a position of arguing to the jury that Thomas' testimony relating to the search was untruthful, but as it related to defendant's involvement it was truthful. The trial court denied defendant's motion and concluded that it was for the jury to determine Thomas' credibility, his ability to perceive due to his drug usage, and his motives for testifying.

■ Defendant claims that his due process rights were violated when the trial court allowed the government to call Thomas as a witness and asks that his conviction

* Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

be reversed. Specifically, defendant asserts that the government introduced false testimony through Thomas and argued inconsistent facts to the jury. We disagree.

■ On appeal, a trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *United States v. Eufracio–Torres*, 890 F.2d 266, 272 (10th Cir.1989). Here, we cannot say that the trial court abused its discretion in admitting the testimony of Thomas.

Defendant cites a number of cases in support of his argument but places primary support on *United States v. Levario*, 877 F.2d 1483 (10th Cir.1989). In *Levario*, the government used the testimony of a witness as to travel to California as the truth for one count, but asserted it was false as to another count—that of conspiracy. This court held that it was not possible to advance contradictory inferences from the testimony of one witness as to a single event.

Throughout the case before us the government maintained that Officer Dyer's testimony concerning the consent to search was its theory of the case and not that of Thomas as to the consent to search issue. The government did adopt Thomas' testimony that the defendant was involved in the transportation of cocaine from California to Michigan. The government did not argue that Thomas' testimony was untruthful concerning the search and truthful as to defendant's involvement as defendant would have us believe. On the contrary, a review of the transcript shows that the prosecutor reminded the jury that it was its job to assess Thomas' credibility by looking into his motives, law enforcement problems and ability to perceive the events of July 23, 1988. These avenues were fully explored by defense counsel on cross-examination as well.

Defendant also cites to *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 in support of his contention. These are readily distinguishable. In *Giglio*, a witness testified that he was not given a promise of leniency when in actuality, the government had promised him leniency. The court held that the government's failure to correct that witness' false testimony constituted a violation of due process. In *Napue*, reversal of a conviction was mandated for a violation of the defendant's due process rights where the government knowingly and willingly offered false testimony concerning a plea agreement.

Here, defendant did not show that the government knowingly presented false testimony to the jury. The government may have believed that Officer Dyer was more credible and concentrated on presenting that theory to the jury, but there was no concrete evidence as to which story was correct as to this typically gray issue. It was a factual dispute as to which story was more credible, and the trial court properly presented that issue to the jury for its determination.

The government offered Thomas' testimony and reminded the jury that it was its job to determine his credibility and reliability as a witness. In addition, the trial court instructed the jury that it could assign whatever weight it believed the testimony merited. The fact that the jury chose to believe Officer Dyer's testimony as to the search and Thomas' testimony as to defendant's involvement does not appear unusual, nor does the fact that the government chose to introduce testimony from both witnesses constitute the procurement of false testimony. We conclude that the testimony was properly presented to the jury and affirm the trial court.

■ Defendant also contends that the trial court abused its discretion in allowing Thomas to testify, under Fed.R.Evid. Rule 404(b), concerning prior trips in which he transported cocaine for the defendant. Defendant does not dispute the relevance of this evidence as to the issue of his knowledge, but contends that the trial court erred in failing to balance the probative value of Thomas' uncorroborated testimony against its prejudicial impact. Although the government concedes that the trial court did not make a finding as to its probative value at the first hearing, the government contends that the trial court

did adequately address the issue, and the testimony was properly admitted.

 A trial court has broad discretion in striking a balance between probative value and unfair prejudice. *United States v. Nolan,* 551 F.2d 266, 271 (10th Cir.1977). A trial court's decision to admit or exclude evidence will be reversed only for an abuse of discretion. *United States v. McKinnell,* 888 F.2d 669, 676 (10th Cir.1989).

 Once the court finds that the prior acts are admissible under Rule 404(b), it is required to balance the probative value of the evidence against the prejudice to the defendant under Rule 403. *United States v. Record,* 873 F.2d 1363, 1375 (10th Cir. 1989). The record supports the trial court's procedure and determination that the probative value outweighed the prejudicial effect of the evidence. The court weighed the testimony, articulated its purpose for admitting the testimony and determined that its probative value outweighed its prejudicial effect towards defendant.

Defendant asserts that Thomas' testimony was uncorroborated and directs us to *United States v. Shepherd,* 739 F.2d 510 (10th Cir.1984), as precedent for reversal. We find *Shepherd* not applicable. Unlike *Shepherd,* Thomas' testimony regarding the trips he made to Michigan, the mode of transportation, the payment, and the meetings in Michigan between the defendant and himself were not disputed. In addition, Thomas' testimony was corroborated by fingerprint evidence and Tom Neely's testimony. The court gave a cautionary instruction on accomplice testimony. *United States v. Hill,* 627 F.2d 1052 (10th Cir. 1980).

AFFIRMED.