**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOMMY D. GEE,

   Plaintiff-Appellant,

v.

MONTE DEE SHEPHERD; UNITED
STATES OF AMERICA,

   Defendants-Appellees.

No. 99-6169
(D.C. No. 98-CV-337)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore,

appellant's request for oral argument is denied, and the case is ordered submitted

without oral argument.

---

\*  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Tommy D. Gee appeals a jury verdict in favor of defendant Monte D. Shepherd and the district court's judgment following a bench trial in favor of the defendant United States on plaintiff's action seeking damages for injuries he allegedly received as a result of an automobile accident. [1] Jurisdiction over plaintiff's case against the United States was based on the Federal Tort Claims Act, 28 U.S.C. § 2679 and 28 U.S.C. § 1346. The district court exercised supplemental jurisdiction over plaintiff's action against Shepherd pursuant to 28 U.S.C. § 1367(a). The case was tried simultaneously to the court on plaintiff's claims against the United States and to the jury on plaintiff's claims against Shepherd. The jury returned a verdict in favor of Shepherd and the court entered judgment in favor of the United States. Plaintiff appeals.

Plaintiff raises two questions for this court's consideration on appeal: (1) whether the district court erred in refusing to admit into evidence the investigating police officer's report and opinion; and (2) whether the jury verdict and judgment and the district court's decision and judgment for defendants are

---

[1] Although the United States filed a brief in this case, it asserts that plaintiff's appeal only seeks relief as to the jury verdict and judgment entered in favor of defendant Shepherd. We agree. In his brief, plaintiff requests this court vacate the jury verdict and remand for a new trial. He does not ask this court to disturb the district court's entry of judgment in favor of the United States. Therefore, we will address plaintiff's claims of error only as they relate to the jury verdict in favor of defendant Shepherd.

-2-

inconsistent.  Following careful review of the parties' briefs and the record on appeal, we discern no error and affirm.

**Background**

We will recite here only those facts germane to our decision in this case. On November 7, 1997, plaintiff was a passenger in a vehicle driven by Shepherd when Shepherd attempted to make a left turn out of a convenience store into eastbound traffic.  A government vehicle, driven by United States Army Sergeant Don Majors, traveling westbound, struck the rear of Shepherd's vehicle.  At the time of the accident Majors was acting within the scope of his employment.  In his negligence actions against defendants, plaintiff alleged that his knee was seriously injured in the accident.

The trial testimony evinced a difference of opinion as to whether Majors had a red or green light and as to whether Shepherd's view of Majors' automobile was blocked by other traffic.  The investigating police officer testified that he was told by Shepherd that plaintiff was not hurt and had left the scene.  *See* Appellant's App. at 325.  This was supported by Majors' testimony that he did not see plaintiff at the accident scene.  *See id.* at 347-48.  Plaintiff's doctor testified that, considering the nature of the injury, "as a rule," plaintiff would have been in pain with a noticeable limp.  Appellee's Supp. App. at 17-18.  The doctor also testified that he did not see plaintiff for treatment of the injury until two months

-3-

after the accident, and that he connected the injury with the accident based solely on plaintiff's version of the circumstances.    *Id.* at 19.  During plaintiff's testimony, he admitted that, in his view, Shepherd did nothing wrong at the time of the accident.  *See* Appellant's App. at 297-98.

During trial, the United States offered into evidence the report of the investigating police officer.  Over the objection of Shepherd's counsel, the court initially held this evidence admissible.  During the officer's actual testimony as to his opinion of fault, however, Shepherd again objected, and the court, after reconsidering, decided that the police officer had not been qualified as an expert, and that this testimony was not needed to assist the jury in determining the cause of the accident.  The court withdrew the accident report as an exhibit, finding that the report also contained inadmissible statements.  Plaintiff did not object to these rulings, but moved for admission of the report with certain portions redacted.  The court overruled the motion.  The police officer continued to testify as to general law regarding entering a roadway from a private drive into oncoming traffic, and compliance with traffic lights.  Plaintiff did not cross-examine the officer.

**Admission of Evidence**

First, plaintiff asserts that the district court erred in excluding the opinion and report of the investigating police officer.  When we review a trial court's decision to admit or exclude evidence, we apply an abuse of discretion standard.

*See United States v. Harmon*, 918 F.2d 115, 117 (10th Cir.1990). Where a trial court excludes evidence and the offering party properly objects at trial, we will reverse the court's decision only if the exclusion of the evidence constitutes an abuse of discretion that results in "'manifest injustice to the parties.'" *Thompson v. State Farm Fire & Casualty Co.*, 34 F.3d 932, 939 (10th Cir. 1994) (quoting *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 960 (10th Cir. 1993)); *see also United States v. Ortiz*, 804 F.2d 1161, 1164 n. 2 (10th Cir. 1986) (holding reversal for abuse of discretion appropriate only after reviewing court develops a "definite and firm conviction [the trial court] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."). "Where the verdict more probably than not was untainted by the error, the error is harmless and a new trial is not required." *U.S. Indus., Inc. v. Touche Ross & Co*., 854 F.2d 1223, 1252 (10th Cir. 1988) (footnotes omitted), *implied overruling on other grounds recognized by Anixter v. Home-Stake Prod*. *Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996).

Federal Rule of Evidence 704 allows the admission of expert opinion evidence even if it "embraces an ultimate issue to be decided by the trier of fact." The rule does not, however, allow the testifying expert to tell the jury what result they should reach. *See id.* Advisory Committee Note. Testimony of this type is often excluded if it takes over the jury's function in deciding the facts. *See Frase*

*v. Henry* , 444 F.2d 1228, 1231 (10th Cir. 1971) (holding that an expert witness may offer an opinion on the ultimate issue only if the opinion "aids the jury in the interpretation of technical facts or to assist in understanding the material in evidence").

In arguing exclusion error, plaintiff relies on the Supreme Court's decision in *Beech Aircraft Corp. v. Rainey* , 488 U.S. 153 (1988) (holding an aircraft accident investigative report containing opinions and conclusions trustworthy and admissible in a case where the cause of the accident was extremely difficult to determine), and this court's decision in *Frase,* 444 F.2d 1228 (interpreting a Kansas rule of evidence to hold an auto accident investigating officer's opinion admissible because the testimony aided the jury in synthesizing the facts which they would not have been able to synthesize themselves). Contrary to plaintiff's argument, these cases do not support a conclusion that an investigating officer's reports and opinions are either always admissible or inadmissible. Here, there was no technical information requiring interpretation or any indication that the jury could not make its own independent judgment of fault based on the facts and evidence. Under these circumstances, we believe that the police officer's testimony would have "come[] perilously close to telling the jury," who was at fault. *Id.* at 1231. Therefore, under the facts and circumstances in this case, we

-6-

hold that exclusion of the officer's report and testimony was not an abuse of the district court's discretion.

Even if we were to conclude differently, any error in the district court's exclusion of the evidence would be harmless. In order to prevail against Shepherd on his claim of negligence, under Oklahoma law, plaintiff had to prove by a preponderance of the evidence: "(1) a duty owed by the defendant to the plaintiff to use ordinary care, (2) a breach of that duty, and (3) an injury proximately caused by the defendant's breach of duty." *Brown v. Wal-Mart Stores, Inc.*, 11 F.3d 1559, 1563 (10th Cir.1993); *Thompson v. Presbyterian Hosp., Inc*., 652 P.2d 260, 263 (Okla. 1982).

When a trial court errs in the admission or exclusion of evidence, this court will reverse the jury's verdict "only if the error prejudicially affects a substantial right of a party." *Sanjuan v. IBP, Inc*., 160 F.3d 1291, 1296 (10th Cir. 1998); *see also U.S. Indus., Inc.*, 854 F.2d at 1252. This kind of evidentiary error is prejudicial only if we reasonably conclude that the jury would have reached a different result with admission of the evidence. *See Sanjuan*, 160 F.3d at 1296. Following a careful review of the transcript of this trial, we cannot reasonably conclude that the jury would have found in favor of plaintiff had it had the benefit of the investigating officer's report and testimony. Therefore, even if the district

court did err in excluding the disputed evidence, that error did not sufficiently prejudice the plaintiff to warrant vacating the jury's verdict.

### Inconsistent Verdicts

Plaintiff contends that because he was a "blame-free passenger," the jury verdict in favor of Shepherd and the court's judgment in favor of the United States were inconsistent. He asserts that the fact that no party was found to be at fault indicates the jury's confusion "by the parties' testimony and the lack of substantive testimony from the investigating officer." Appellant's Br. at 11.

Initially, we must determine whether we may review this issue. "A party's failure to object to a general jury verdict on the ground of inconsistency before the jury is discharged constitutes waiver, unless the verdict is inconsistent on its face such that entry of judgment upon the verdict is plain error." *Oja v. Howmedica, Inc.* 111 F.3d 782, 790 (10th Cir. 1997). Here, plaintiff has not pointed us to any place in the record where his counsel objected on the ground of inconsistency before the jury was discharged. We therefore must determine whether the verdict was facially inconsistent such that entry of judgment would be considered plain error.

Plaintiff bases his claim of inconsistency on his contention that, because he was without fault, one of the defendants had to be found at fault. Although plaintiff cites this court to several cases in which verdicts were found to be

inconsistent, none of the cases provide any support for plaintiff's contention. *See*

*Mitchell v. State Farm Fire & Casualty Co.*, 15 F.3d 959 (10th Cir. 1994)

(holding verdict for defendant on breach of contract claim and verdict for

plaintiffs on bad faith claim to be inconsistent); *Cheney v. Moler*, 285 F.2d 116

(10th Cir. 1960) (holding jury verdict a nullity when jury returned a verdict for

plaintiff without damages and awarded a verdict against defendant on defendant's

counterclaim); *Hopkins v. Coen*, 431 F.2d 1055 (6th Cir. 1970) (holding verdict

inconsistent when jury completed four verdict forms -- two in favor of the

plaintiffs and two in favor of the defendants).

After receiving the evidence and hearing the testimony, the jury concluded that

plaintiff had not met his burden of proof of negligence against Shepherd. Based on

the same evidence and testimony, the district court concluded that plaintiff had not

proved his case of negligence against the United States. We fail to see the

inconsistency in these decisions. Therefore, the verdict of the jury and the judgment

of the court are not facially inconsistent, and we consider plaintiff's inconsistent

verdict claim waived. *See Oja*, 111 F.3d at 790.

AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-9-